# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-202V
**Filed: May 4, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| SHAUNI RAI FISCHER, legal * | |
| Representative of a minor child, KJF, * | |
| * | Special Master Dorsey |
| Petitioner, * | |
| * | |
| v. * | Joint Stipulation on Damages; |
| * | Hepatitis B (Hep B), Diphtheria- |
| SECRETARY OF HEALTH * | Tetanus- Acellular Pertussis (DTaP); |
| AND HUMAN SERVICES, * | Haemophilus Influenzae Type B |
| * | (Hib); Pneumococcal Conjugate; |
| Respondent. * | Inactivated Polio Vaccines; Infantile |
| * | Spasms. |
| * * * * * * * * * * * * * * * * | |

Michael Adly Baseluos, San Antonio, TX, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On April 1, 2011, Shauni Rai Fischer[2] ("petitioner") filed a petition on behalf of her daughter, KJF, pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of receiving the hepatitis B ("Hep B"), diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenza type b ("Hib"),

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] On April 16, 2015, petitioner filed a motion to amend the caption of the case to reflect her name change.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

pneumococcal conjugate ("PCV") and inactivated polio ("IPV") vaccinations on April 26, 2010, KJF suffered from infantile spasms and related sequelae. Petitioner further alleged that KJF suffered the residual effects or complications of this vaccine injury for more than six months. On May 4, 2015, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the vaccines caused or significantly aggravated KJF's alleged medical condition, any of her ongoing symptoms, or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

a. **A lump sum of $650,000.00, in the form of a check payable to the guardian of KJF's estate;**

b. **A lump sum of $66,021.83,** which amount represents compensation for reimbursement of a Texas Medicaid lien**, in the form of a check, payable jointly to petitioner and TMHP/Medicaid, Attn: Torts Receivables, P.O. Box 292948, Austin, TX 78720-2948** (petitioner agrees to endorse this payment to THMP); and

c. **A lump sum of $62,117.00**, which amount represents compensation for reimbursement of a Medicaid lien, **in the form of a check payable jointly to petitioner and the Wisconsin Department of Health Services, 5615 High Point Dr., Suite 100, Irving, TX, 75038-9984** (petitioner agrees to endorse this payment to Wisconsin Department of Health Services).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

SHAUNI RAI FISCHER, legal
representative of a minor child, KJF,

                Petitioner,

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 11-202V   ECF
Special Master Dorsey

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Shauni Rai Fischer, filed a petition for vaccine compensation on behalf of her daughter, KJF, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to KJF's receipt of hepatitis B, diphtheria-tetanus-acellular pertussis, haemophilus influenzae Type b, pneumococcal conjugate, and inactivated polio vaccines (hereinafter "vaccines"), all of which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. KJF received the vaccines on April 26, 2010.

3. The vaccines were administered within the United States.

4. Petitioner alleges that, as a result of receiving the vaccines, KJF suffered from infantile spasms and related sequelae, and that KJF experienced the residual effects of this injury for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of the alleged injury.

6. Respondent denies that the vaccines caused or significantly aggravated KJF's alleged medical condition, any of her ongoing symptoms, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $650,000.00, in the form of a check, payable to the guardian of KJF's estate;
>
> b. A lump sum of $66,021.83, which amount represents compensation for reimbursement of a Texas Medicaid lien, in the form of a check, payable jointly to petitioner and TMHP/Medicaid, Attn: Torts Receivables, P.O. Box 292948, Austin, TX 78720-2948 (petitioner agrees to endorse this payment to THMP); and
>
> c. A lump sum of $62,117.00, which amount represents compensation for reimbursement of a Medicaid lien, in the form of a check, payable jointly to petitioner and Wisconsin Department of Health Services, 5615 High Point Dr., Suite 100, Irving, TX 75038-9984 (petitioner agree to endorse this payment to Wisconsin Department of Health Services).

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

2

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of KJF, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of KJF's estate under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian of KJF's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian of the estate of KJF at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a

3

court of competent jurisdiction to serve as guardian of the estate of KJF upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, as legal representative of KJF, and on behalf of herself, KJF, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of KJF resulting from, or alleged to have resulted from, the vaccines administered on April 26, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about April 1, 2011, in the United States Court of Federal Claims as petition No. 11-202V.

15. If KJF should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except

4

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines either caused or significantly aggravated KJF's alleged medical condition or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

_Shauni Fischer_
SHAUNI RAI BRACEY
FISCHER SRF

ATTORNEY OF RECORD FOR
PETITIONER:

_Michael Baseluos_

MICHAEL BASELUOS
Baseluos Law Firm
202 E. Park Ave.
San Antonio, TX 78212
(210) 787-5993

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_A. Melissa Houston_

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of Injury
    Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and
    Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 5/4/15

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_Darryl R. Wishard_

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4357

6